UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JOHN SINCLAIR, Booking #22728816,<br><br>                                  Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF MARTINEZ; CAPTAIN BIBEL,<br><br>                                Defendants. | Case No.: 23-cv-648-MMA (MSB)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>[Doc. No. 2]<br><br>**2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

      Ronald John Sinclair ("Plaintiff"), while detained at the San Diego Central Jail ("SDCJ") in San Diego, California, and proceeding *pro se*, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1. ("Compl.").  Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a copy of his Inmate Trust Account Activity. *See* Doc. No. 2; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows that Plaintiff has a balance of only $0.92 in his account at the time of filing. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (Doc. No. 2), but will not assess an initial partial filing fee at this time. However, the Court directs the Watch Commander or their designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining

whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B.   Plaintiff's Allegations**

Plaintiff alleges that he has had difficult receiving his mail while housed at SDCJ. *See* Compl. at 3. He claims he was told by a correctional deputy that no mail was being passed out for two weeks because deputies were allegedly "shoving it under the desk"

and "refusing to give it out." *Id.* On one occasion, Plaintiff was given a different inmate's mail and he alleges that jail officials never mailed a letter that he had given them to mail. *Id.* at 4.

Plaintiff seeks injunctive relief, $80,000 in compensatory damages, and $80,000 in punitive damages. *See id.* at 7.

### C. Mail Claims

Inmates have a "First Amendment right to send and receive mail, but prison regulations may curtail that right if the 'regulations are reasonably related to legitimate penological interests.'" *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) (quoting *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam)). However, a temporary delay in the delivery of an inmate's mail does not violation an inmate's First Amendment right absence evidence of improper motive. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999). Here, Plaintiff's Complaint does not contain any specific allegations that he had a delay in receiving his own mail, instead he alleges that there has been a general delay in the distribution of the mail. He does allege that he received mail that was meant for a different inmate, but he does not allege that he was directly impacted by the alleged failure of the jail officials to distribute the mail in a timely manner.

Accordingly, the Court **DIMISSES** Plaintiff's First Amendment claim relating to his mail for failing to state a claim upon which relief could be granted.

### D. Defendants Martinez and Bibel

Plaintiff names as the only Defendants the Sheriff of San Diego County and the SDCJ's Captain. Plaintiff does not allege any specific factual allegations as to any of these named Defendants. In order to state a claim under 42 U.S.C. § 1983 against these Defendants, Plaintiff must allege facts sufficient to show that each Defendant individually participated in causing a constitutional violation. "[A] plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the constitution." *Iqbal*, 556 U.S. at 676–77 (rejecting argument that "a supervisor's mere knowledge of his subordinate's [unconstitutional actions] amounts to

the supervisor's violating the Constitution"). "A supervisory official may be held liable under § 1983 only if 'there exists either (1) his or her personal involvement in the constitutional violation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (quoting *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011)). "In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal quote marks omitted).

Plaintiff must set forth factual allegations identifying individual acts or omissions by each person related to his mail claims which resulted in a constitutional violation. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.")

Accordingly, the Court *sua sponte* **DISMISSES** the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

**E.     Leave to Amend**

In light of Plaintiff's *pro se* status, the Court grants him leave to amend to attempt to sufficiently allege a claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. CONCLUSION

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Watch Commander of the SDCJ, or their designee, to collect

from Plaintiff's inmate trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego Central Jail, 451 Riverview Parkway, Building C, Santee, California 92071.

4.    **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

5.    **DIRECTS** the Clerk of Court to mail Plaintiff a court-approved civil rights

complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: April 18, 2023

HON. MICHAEL M. ANELLO
United States District Judge